# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **JHONTE NORRIS BRAWNER, JR.,** | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. RWT-10-3453 |
|  | * | Criminal Action No. RWT-09-182 |
| **UNITED STATES OF AMERICA,** | * | |
| Respondent. | * | |

## MEMORANDUM OPINION

On December 9, 2010, Petitioner Jhonte Norris Brawner, Jr. filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. ECF No. 42. Brawner makes four claims alleging ineffective assistance of counsel. He states that his counsel provided him with ineffective assistance by failing to (1) investigate the disbarment of his attorney in a prior state conviction which he claims could have led to a re-trial in that case, (2) properly advise him about other issues regarding his prior conviction, (3) inform him of the mandatory minimum sentence for the offense to which he plead guilty, and (4) request a drug quantity hearing. *Id*. at 8. For the reasons stated below, the Court shall deny Brawner's motion.

## BACKGROUND AND PROCEDURAL HISTORY

On December 11, 2009, Brawner entered a plea of guilty to knowingly and intentionally possessing with intent to distribute fifty grams or more of a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A)(iii). ECF No. 23. During the hearing, the Court performed an extensive colloquy with Brawner regarding his plea and its conditions to verify that the plea was knowing and voluntary.

Arraignment Transcript, December 11, 2009, ECF No. 51. On March 8, 2010, Brawner was sentenced to a total of 120 months imprisonment and five years of supervised release. ECF No. 31. No appeal has been filed. On December 9, 2010, Brawner filed this § 2255 motion. ECF No. 42. The Government responded to Brawner's motion on May 3, 2011. ECF No. 50.

**ANALYSIS**

Under 28 U.S.C. § 2255, a petitioner must prove by a preponderance of the evidence that a "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255 (2006); *Miller v. United States,* 261 F.2d 546, 547 (4th Cir.1958). If the motion to vacate, set aside, or correct sentence, along with the files and records of the case, "conclusively show that [he] is entitled to no relief," a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. 28 U.S.C. § 2255(b); *United States v. White,* 366 F.3d 291, 296-7 (4th Cir.2004) (evidentiary hearing not required where a petitioner's allegations are "so palpably incredible, so patently frivolous or false as to warrant summary dismissal.").

Courts examine claims of ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See also Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Under *Strickland*, defendants must show (1) that their counsel's performance was so "deficient" that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" (the "performance prong") and (2) that the defendant suffered prejudice as a result (the "prejudice prong"). *Id.* at 687. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* If a defendant alleges ineffective assistance of counsel following entry of a

guilty plea, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988) (quotation marks omitted).

When a habeas petitioner challenges a guilty plea under § 2255 on the basis of ineffective assistance of counsel, and the petitioner's guilty plea colloquy establishes that his plea was voluntary and that he was satisfied with his counsel, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005). "In the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Id*. at 221-22. In this case, Brawner's plea colloquy established that his plea was knowing and voluntary and he confirmed that he was satisfied with his counsel. Arraignment Tr. at 5.

## I. Claims Regarding Brawner's Prior Conviction

Brawner claims that his attorney was ineffective because he failed to investigate the disbarment of Brawner's state court counsel. ECF No. 42 at 5. Petitioner argues that had counsel investigated this matter, the investigation would have resulted in a re-trial of the state case and his criminal history may have been lowered. *Id.* Even if Brawner's criminal history calculation was reduced, however, it would be immaterial because the Court sentenced Brawner to the statutory mandatory minimum sentence. It did not, therefore, rely on his criminal history.

Petitioner additionally claims that his attorney failed to advise him of what he calls a "corb notice." ECF No. 42 at 8. While it is not clear what this refers to, Petitioner argues that had he received proper notification, the prior conviction "would have been vacated due to the disbarment of [his] state counsel." *Id.* As the Court did not rely on Brawner's criminal history in sentencing, it will not further address this issue. Any possible deficiency of counsel leading to an increased criminal history would not have affected the sentence and therefore Brawner could not have suffered any prejudice.

## II. Counsel's Alleged Failure to Advise Brawner of the Mandatory Minimum Sentence

Petitioner claims that his counsel failed to advise him of the mandatory minimum 10-year sentence for the offense to which he plead guilty. Petitioner contends that had he been advised of the mandatory minimum sentence, he "would have chosen a different course of action." ECF No. 42 at 8.

There is ample evidence in the record, however, that whether or not he was so advised by counsel, Brawner was aware of the mandatory minimum. The plea agreement, which Brawner signed and acknowledged under oath that he fully understood, states that the maximum sentence provided for by the statute is "imprisonment for at least ten years and for not more than life." ECF No. 25 at 2. The Factual and Advisory Guidelines Stipulation section of the agreement also states that any sentence reduction requested by the Government "may not be applied in a manner which results in a sentence below the minimum sentence of ten years." *Id.* at 4. These were both also explained orally during the plea hearing. Mr. Crowell, for the Government, stated, "[th]e maximum penalties provided by statute are as follows: Imprisonment for at least 10 years and for not more than life, a term of supervised release of at least five years and not more than 10 years

and a $4 million fine." Arraignment Tr. at 8. He continued, "[t]he defendant acknowledges, however, that this reduction may not be applied in a manner which results in a sentence below the minimum sentence of 10 years…." *Id.* at 9. The plea hearing colloquy also included the following exchange:

| | |
|---|---|
| The Court: | All right. Mr. Brawner, if you'd stand back up again. You've heard Mr. Crowell summarize the provisions of the agreement. Do you have any concerns about the agreement, having listened to this description? |
| The Defendant: | No, sir. |
| The Court: | Is his description consistent with your understanding of what the deal is? |
| The Defendant: | Yes, sir, it is. |
| The Court: | … In making your decision to plead guilty and enter into this agreement, are you relying upon any promises or assurances of any nature whatsoever that are not contained in this document? |
| The Defendant: | No, sir, I'm not. |
| The Court: | The whole deal is here; is that correct? |
| The Defendant: | Yes, Sir. |
| The Court: | No side deals, no private assurances, anything like that, correct? |
| The Defendant: | No, Sir. |

*Id.* at 14. The Court reiterated the existence of a mandatory minimum when explaining the sentencing guidelines to Brawner. The Court stated, "the offense to which you're pleading guilty had, I believe, a 10 year mandatory minimum. So you really need to put 120 as being the basement of any recommendation…" *Id.* at 20.

A defendant's sworn statements made during a Rule 11 colloquy "carry a strong presumption of verity." *United States v. White*, 366 F.3d 291, 295 (4th Cir. 2004) (quoting *Blackledge*, 431 U.S. at 74, 97 S.Ct. 1621). "Indeed, because they do carry such a presumption, they present 'a formidable barrier in any subsequent collateral proceedings.'" *United States v. White*, 366 F.3d at 295, 296 (quoting *Blackledge*, 431 U.S. at 74, 97 S.Ct. 1621). The record unequivocally shows that Brawner was advised of the ten year mandatory minimum. His

5

statements during the plea colloquy confirming his understanding and acceptance of the plea agreement, including the mandatory minimum, therefore, should be treated as conclusive. A proper and extensive in-court colloquy indicating that a guilty plea is knowing and voluntary is "treated as conclusive with regard to the validity of the plea and may not be controverted later absent some compelling reason." *Savino v. Murray*, 82 F.3d 593, 603 (4th Cir. 1996).

### III. Counsel's Alleged Failure to Request Drug Quantity Hearing

Finally, Brawner claims his attorney was ineffective for failing to file a motion for a drug quantity hearing. According to Brawner, if his counsel had moved for a drug quantity hearing, "the drug amount would have been under 50 grams of crack cocaine." Brawner, however, agreed to the statement of facts in the plea agreement. He affirmed that they were true and correct. Plea. Trans. at 31. "[A] guilty plea constitutes a waiver of all non-jurisdictional defects…including the right to contest the factual merits of the charges." *United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993). For the reasons discussed above, this plea was knowing and voluntary, and therefore Brawner could not retroactively challenge the drug quantity contemplated in his plea agreement and thus, this claim fails as well.

### CERTIFICATE OF APPEALABILITY

Brawner may not appeal this Court's order denying him relief under 28 U.S.C. § 2255 unless it issues a certificate of appealability. *United States v. Hardy*, 227 F. App'x 272, 273 (4th Cir. 2007). A certificate of appealability will only issue if Brawner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); *Hardy*, 227 F. App'x at 273. A petitioner "satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that

any dispositive procedural ruling by the district court is likewise debatable." *United States v. Riley*, 322 F. App'x 296, 297 (4th Cir. 2009). Brawner has failed to raise a cognizable § 2255 claim in which a reasonable jurist could find merit, and thus no certificate of appealability shall issue.

## CONCLUSION

For the foregoing reasons, Brawner's petition will be denied and no certificate of appealability shall issue. A separate Order follows.


Date:  February 24, 2014                                         /s/
                                                      ROGER W. TITUS
                                                UNITED STATES DISTRICT JUDGE